IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 3:05cr0571-10-JAJ |
| vs. | |
| JESSICA LEE ANTUNEZ, | **ORDER** |
| Defendant. | |

This matter comes before the court pursuant to the defendant's pro se Motion for Compassionate Release filed May 1, 2020.  [Dkt. 619]   The government responded on May 18, 2020.  [Dkt. 620]   The motion is denied.

On July 3, 2007, the defendant was sentenced to the mandatory minimum term of incarceration for conspiracy to distribute more than five kilograms of cocaine after being convicted of a felony drug trafficking offense.   The sentencing guidelines in effect at the time called for a sentence between 151 and 188 months' incarceration.   The guidelines now suggest 121 to 151 months' incarceration.   The offense charged still carries a mandatory minimum sentence of 240 months' incarceration today.

The defendant points to a number of factors to suggest that she be released.   Included among them are Sentencing Guideline Amendment 782 and her claim that her earlier drug trafficking felony would no longer satisfy the "serious drug felony" criteria for enhancing a sentence pursuant to 21 U.S.C. § 841(b)(1)(A).   She does not claim to have exhausted her available remedies by making a request for compassionate release to the warden at her institution.

At the first step, the administrative exhaustion requirement is satisfied [1] if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or [2] there has been a "lapse of 30 days

from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier."*  18 U.S.C. § 3582(c)(1)(A) (emphasis added).  Some courts consider this exhaustion requirement to be a claim-processing rule subject to possible equitable tolling, but most consider it jurisdictional or otherwise mandatory.  *Compare, e.g., United States v. Smith*, No. 12 CR. 133 (JFK), 2020 WL 1849748, at *3 (S.D.N.Y. Apr. 13, 2020) (exhaustion is non-jurisdictional), *with, e.g., United States v. Lugo*, No. 2:19-CR-00056-JAW, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020) (even if the exhaustion requirement was not jurisdiction, it was "both clear and mandatory," so that the court could not read an exception into it); *United States v. Johnson*, No. RDC-14-0441, 2020 WL 1663360, at *3–6 (D. Md. Apr. 3, 2020) (concluding that § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional and, regardless, there are no exceptions to the exhaustion requirement).  Here, defendant has not satisfied the exhaustion requirement.

At the second step of the analysis, the defendant must show "extraordinary and compelling reasons" warranting a reduction.  Section 3582(c)(1) does not define such reasons.  The Sentencing Guidelines do identify such reasons in U.S.S.G. § 1B1.13, cmt. n.1, however.

At the third step, compassionate release is appropriate only where "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]"  U.S.S.G. § 1B1.13(2); *see also United States v. Schmitt*, No. CR12-4076-LTS, 2020 WL 96904, at *5 (N.D. Iowa Jan. 8, 2020) (setting out the § 3142(g) factors).

If all the preceding requirements have been satisfied, at the fourth step, the court "consider[s] the factors set forth in section 3553(a) to the extent that they are applicable."  28 U.S.C. § 3852(c)(1)(A).  The court must provide reasons for its determination based on consideration of the § 3553(a) factors.  *Chambliss*, 948 F.3d at 693.

The defendant's failure to exhaust her remedies is fatal to her claim.  In addition, she does not present extraordinary or compelling reasons for early release.  The penalties that she

faced in 2007 remain the same today. For these reasons, the court declines to exercise its discretion to reduce the defendant's sentence.

**DATED** this 8th day of June, 2020.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA